UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIERRA BARRERA,

    Plaintiff,

vs.

GELT ONEIDA FEE OWNER, LLC,
d/b/a CEDAR RUN APARTMENT and
APARTMENT MANAGEMENT
CONSULTANTS LLC,

    Defendant.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Gelt Oneida Fee Owner, LLC d/b/a Cedar Run Apartment ("Defendant") hereby removes the case captions, *Barrera v. Gelt Oneida Fee Owner, LLC, et al.* (state court case number 2024CV33722) from the District Court, Denver County, State of Colorado, to the U.S. District Court for the District of Colorado on the ground that jurisdiction exists under 28 U.S.C. § 1332. In support of removal under 28 U.S.C. § 1441(b), Defendants state as follows:

## BACKGROUND

1. On December 3, 2024, Plaintiff Cierra Barrera ("Plaintiff") filed a Civil Complaint and Jury Demand ("Complaint") against Defendants in District Court, Denver County, Colorado, case number 2024CV33722 ("State Court Action").

2. On February 13, 2025, Plaintiff served Apartment Management Consultants with

copies of the Summons, the Complaint, and Civil Case Cover Sheet. (*See* Affidavit of Service submitted with this filing.)

3. On February 14, 2025, Plaintiff served Gelt Oneida Fee Owner, LLC d/b/a Cedar Run Apartment. (*See* Affidavit of Service submitted with this filing.) The allegations in the Complaint arise from a small fire which occurred in the contained stairwell of building A of the premises. (Compl. ¶ 7.) Plaintiff claims "the fire was caused by the Defendants' failure to maintain the Premises. Specifically, the Defendants failed to use reasonable care in managing and maintaining the Premises concerning conduction business thereon, failed to five adequate warning of the hazardous conditions alleged above and/or failed to remedy the known dangerous conditions on the community property." (Compl. ¶ 10.) Plaintiff claims "Shortly after, the Plaintiff was notified that she would not be allowed back in her apartment until further notice. Manager later told the Plaintiff that she would have to find somewhere to go without any clear direction on when she could return to her Unit. (Compl. ¶ 11.) Plaintiff claims "While Plaintiff was displaced, Defendants failed to secure her Unit, allowing her personal property to be stolen. (Compl. ¶ 15.)

4. Plaintiff asserts "that she experienced smoke inhalation, checked herself into the emergency room to address her physical and emotional injuries. (Compl. ¶ 12.) Plaintiff asserts "emotional distress caused by being displaced manifested in shortness of breath…". (Id. ¶ 14.)

5. The Complaint contains four claims for relief against Defendants: (1) Claim for Relief: Premises liability; (2) Intentional Infliction of Emotional Distress; (3) Negligent Infliction of Emotional Distress; and (4) Negligence.

6. Defendants deny all allegations and deny all claims for Premises Liability, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Negligence.

**GROUNDS FOR REMOVAL**

I. **REMOVAL IS TIMELY**

7. Defendants dispute the service was proper. However, for purposes of this Removal, they comply with the deadline to remove within 30 days for the purported service of the Complaint which allegedly occurred on February 14, 2025. (*See* Affidavit of Service, submitted herewith.)

8. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

II. **DIVERSITY OF CITIZENSHIP EXISTS**

9. There is complete diversity of citizenship amount the opposing parties.

10. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87-89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id.*

11. A party pleading diversity jurisdiction need only plead the state of domicile and citizenship of the parties. *Mikelson v. Conrad,* No. 20-1271, 2021 WL 30225, at *2 (10h Cir. Jan 5, 2021). In *Mikelson*, the Tenth Circuit reversed an order issued in the District of Colorado dismissing an action for lack of diversity of citizenship. *Id.* At *3. *Mikelson* held that the following allegations "sufficiently alleged the basis for diversity jurisdiction": Plaintiff's complaint alleges that Mr. Mikelson is domiciled in and a citizen of Alabama, that Dr. Conrad is domiciled in and a citizen of Colorado, and that Vail Health is a Colorado corporation with its principal place of business in Colorado." *Id.* This was sufficient to plead diversity of citizenship because "[t]hese are well-pleaded allegations." *Id.* at *2.

12. Under these factors, Plaintiff's domicile is Colorado. Plaintiff is a "resident of Denver, [Colorado]." (Compl. ¶ 1.)

13. Defendant Cedar Run "is a Delaware limited liability company with a principal street address located in Denver, [Colorado]. It has a principal office mailing address in Los Angeles, [California]. It reports a registered agent of Vcorp Services LLC, which has an address of Centennial, [Colorado]." (Compl. ¶ 2.)

14. Apartment Management Consultants LLC is a foreign limited liability company with a principal address located in Cottonwood Heights, [Utah]. It reports a registered agent of CT Corporation System, which has an address of Centennial, [Colorado] (Compl. ¶ 3.)

15. Because the parties are citizens of different states, and Defendants Cedar Run and Apartment Management Consultants, LLC are not citizens of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTERSTS AND COSTS

16. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 574 U.S. at 89 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

17. According to the Complaint, Defendants' negligence caused "Plaintiff to incur past, present, and future noneconomic injuries, damage, and losses, including pain and suffering, inconvenience, emotional distress, permanent injury/disfigurement/disability, and/or impairment of his quality of life. " (Compl. ¶ 40).

18. Per Colorado law, Plaintiff could claim punitive damages against Defendants under the Intentional Infliction of Emotional Distress, which would most likely surpass the

$75,000 threshold.

19. Additionally, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy will exceed $75,000, exclusive of interest and costs. Plaintiff indicates that she seeks a monetary judgment of up to $100,000, excluding attorney fees, interest, and costs. (*See* State Court Civil Cover Sheet submitted herewith.) Plaintiff's representation on her civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

20. Defendant disputes Plaintiff's damages claims.

21. In light of the foregoing, the amount in controversy well-exceeds $75,000, exclusive of interest and costs.

## VENUE

22. Venue is proper in the District of Colorado under 28 U.S.C. §§ 1391(b)(2) and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

23. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders

## NOTICE OF REMOVAL

24. Under 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the

State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal is filed contemporaneously herewith.

## NO WAIVER

25. No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

26. Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Cedar Run and Apartment Management Consultants reserve the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

## CONCLUSION

For these reasons, Defendant Cedar Run removes this action to the United States District Court for the District of Colorado.

Dated: March 17, 2025            Respectfully submitted,

*I hereby certify that I am a member in good standing of the bar of this Court*

**RIGHI FITCH LAW GROUP, P.L.L.C.**

By: */s/ Leonel Ruiz*
    Richard L. Righi
    Leonel Ruiz
    1580 Logan Street, 6th Floor
    Denver, Colorado 80203
    (602) 385-6776
    rick@righilaw.com
    leonel@righilaw.com
    *Attorneys for Defendant Gelt Oneida Fee Owner, LLC d/b/a Cedar Run Apartment*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2025, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Mark Fenton** mark@thefentonlawoffice.com

- **Susan Stocks** stockss@hallevans.com, eberhartl@hallevans.com

       */s/ Leonel Ruiz*
Richard L. Righi
Leonel Ruiz
RIGHI FITCH LAW GROUP, PLLC
1580 Logan Street, 6th Floor
Denver, CO 80203
Phone: 602-385-6776
Fax: 602-385-6777
rick@righilaw.com
leonel@righilaw.com
*Attorneys for Defendant Gelt Oneida Fee Owner, LLC d/b/a Cedar Run Apartment*

- 7 -