| | |
|---|---|
| **District Court, City and County of Denver, Colorado**<br>1437 Bannock Street, Denver, Colorado 80202 | DATE FILED<br>December 3, 2024 10:38 PM<br>FILING ID: 1C2A86B98E249<br>CASE NUMBER: 2024CV33722 |
| **Plaintiff:** CIERRA BARRERA<br><br>v.<br><br>**Defendant:** GELT ONEIDA FEE OWNER, LLC d/b/a CEDAR RUN APARTMENT and APARTMENT MANAGEMENT CONSULTANTS LLC | |
| The Fenton Law Office, LLC<br>Mark Fenton, Esq. #48455<br>3300 Arapahoe Avenue, Ste. 211<br>Boulder, CO 80303<br>Telephone: 303-472-3912<br>mark@thefentonlawoffice.com<br>Attorney for Plaintiff | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Cierra Barrera, through her undersigned counsel, The Fenton Law Office, LLC, brings her complaint against Defendants as follows:

## I.   PARTIES

1. Cierra Barrera ("**Plaintiff**") is an individual and a resident of Colorado. Plaintiff is an individual and resided at times relevant to this Complaint at 840 S. Oneida Street, A314, Denver, CO 80224, which is otherwise located within the Premises located more generally at 888 South Oneida Street, Denver, Colorado 80224 (the "Premises").

2. Cedar Run is a Delaware limited liability company in good standing with the Colorado Secretary of State with a principal street address reported thereto located at 888 South Oneida Street, Denver, Colorado 80224. It has a principal office mailing address of 11726 San Vicente Boulevard, Suite 480, Los Angeles, California 90049. It reports a registered agent of Vcorp Services LLC, which has an address of 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

3. Apartment Management Consultants LLC **("Manager")** is a foreign limited liability company in good standing with the Colorado Secretary of State with a principal street address reported thereto located at 1954 Fort Union Blvd, Suite 500, Cottonwood Heights, UT

84121. It reports a registered agent of C T Corporation System, which has an address of 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## II.   VENUE AND JURISDICTION

4. Venue is proper in this forum pursuant to C.R.C.P. 98.

5. The Denver County District Court has subject-matter jurisdiction over this case pursuant to Article 6, Section 9 of the Constitution of the State of Colorado.

## III.   GENERAL ALLEGATIONS

6. On information and belief, Manager managed and operated the Premises, including but not limited to maintaining insurance for the premises.

7. On December 4, 2022, a small fire occurred in the contained stairwell of building A of the Premises. Ms. Barrera was at home when she had to evacuate her Unit because black smoke had entered her floor and Unit.

8. A fire was discovered next to the elevator near Ms. Barrera's Unit. To evacuate the Premises safely, Ms. Barrera wrapped her face with a towel to prevent herself from inhaling smoke.

9. Firefighters arrived on the Premises shortly after and put out the fire.

10. The fire was caused by the Defendants' failure to maintain the Premises. Specifically, the Defendants failed to use reasonable care in managing and maintaining the Premises concerning conducting business thereon, failed to give adequate warning of the hazardous conditions alleged above, and/or failed to remedy the known dangerous conditions on the community property.

11. Shortly after, the Plaintiff was notified that she would not be allowed back in her apartment until further notice. Manager later told the Plaintiff that she would have to find somewhere to go without any clear direction on when she could return to her Unit.

12. Due to the immense stress of the building fire and experiencing smoke inhalation, Ms. Barrera checked herself into the emergency room to address her physical and emotional injuries.

13. Defendants' failure to provide an adequate response to Plaintiff's basic questions concerning whether she could return to her Unit and retrieve her personal property caused Ms. Barrera emotional distress.

14. Ms. Barrera's emotional distress caused by being displaced manifested in shortness of breath, chest pains, and restlessness. Specifically, since the incident, Ms. Barrera has experienced sleep deprivation caused by a traumatic event. Ms. Barrera also experiences flashbacks of the event, high levels of anxiety that inhibit restful sleep, and nightmares.

15. While Plaintiff was displaced, Defendants failed to secure her Unit, allowing her personal property to be stolen.

16. Defendants stopped responding to Plaintiff's communications concerning when she could retrieve her property and return her to Unit.

## CLAIMS AND CAUSES OF ACTION

### *First Claim for Relief: Premises Liability*

17. Plaintiff incorporates all other paragraphs as if fully set forth herein.

18. On or about December 4, 2022, Defendants owned, operated, controlled, or conducted activities at the Premises in and around 888 South Oneida Street, Denver, Colorado 80224.

19. Defendants permitted or allowed conditions to be present at the Premises which they knew, or reasonably should have known, created an unreasonable risk of injury, damage, and/or loss to persons such as Plaintiff.

20. Plaintiff, as a tenant, was an invitee on the premises. Defendants, as operators and/or owners of the Premises, were negligent because they failed to use reasonable care in the management and maintenance of the Premises concerning conducting business thereon and/or failed to give adequate warning of the hazardous conditions alleged above and/or failed to remedy the known dangerous conditions on the community property.

21. On or about December 4, 2022, Plaintiff incurred injuries, damages, and/or losses because of a hazardous condition that existed at the Premises operated, owned, and maintained by Defendants on or about the aforementioned date when Plaintiff inhaled smoke and suffered emotional distress as a result of the fire on the Premises.

### Second Cause of Action: Intentional Infliction of Emotional Distress

22. Plaintiff incorporates all other paragraphs as if fully set forth herein.

23. The conduct of Defendants and their agents and employees was extreme and outrageous. Defendants were in a position of authority and power which they consistently and systematically abused by, among other things, failing to maintain the Premises in a habitable condition, failing to secure the Premises, and allowing looters/thieves to Plaintiff's Unit to steal her property when Defendants prevented Plaintiff from entering her Unit, refusing to abate dangerous hazards, lying to Plaintiff about repairs and maintenance on the Premises, and threatening to evict Plaintiff, all while collecting full rent despite having actual knowledge that the conditions of the Premises were affecting Plaintiff's physical and mental health.

24. Defendant knew that Plaintiff was particularly vulnerable to the conditions at the Premises. Plaintiff is a low-income tenant with limited resources, for whom locating comparably priced rental housing is substantially more difficult.

25. Defendant knew that Plaintiff was limited in resources and was unlikely to be familiar with or know about the various government and other agencies and authorities she could contact to seek relief.

26. Defendants acted with reckless disregard for the probability that their conduct would result in Plaintiff suffering severe and extreme emotional distress, knowing that Plaintiffs were present when the conduct occurred. It is common sense that being safe and comfortable in one's home is essential to emotional health and well-being. Still, Defendants prioritized maximizing profits ahead of all other considerations, including Plaintiff's safety and health.

27. Defendants disregarded hazardous conditions on the Premises, including conditions that immediately impact their tenants' physical health, such as the conditions that caused the fire. Although they understood the severity of hazardous conditions, they took little or no corrective action.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or continues to suffer illness, pain, discomfort, and other physical injuries, and mental and emotional distress in an amount to be proven at trial.

### Third Cause of Action: Negligent Infliction of Emotional Distress

29. Plaintiff incorporates all other paragraphs as if fully set forth herein.

30. The conduct of Defendants and/or their agents and employees was extreme and outrageous. Defendants by act negligently inflicted emotional distress upon Plaintiff by, among other things, failing to maintain the Premises in a habitable condition, failing to secure the Premises, and allowing looters/thieves to Plaintiff's Unit to steal her property when Defendants prevented Plaintiff from entering her Unit, refusing to abate dangerous hazards, lying to Plaintiff about repairs and maintenance on the Premises, and threatening to evict Plaintiff, all while collecting full rent despite having actual knowledge that the conditions of the Premises were affecting Plaintiff's physical and mental health.

31. Defendant knew that Plaintiff was particularly vulnerable to the conditions at the Premises. Plaintiff is a low-income tenant with limited resources, for whom locating comparably priced rental housing is substantially more difficult.

32. Defendant knew that Plaintiff was limited in resources and was unlikely to be familiar with or know about the various government and other agencies and authorities she could contact to seek relief.

33. Defendants acted with reckless disregard for the probability that their conduct would result in Plaintiff suffering severe and extreme emotional distress, knowing that Plaintiffs

were present when the conduct occurred. It is common sense that being safe and comfortable in one's home is essential to emotional health and well-being. Still, Defendants prioritized maximizing profits ahead of all other considerations, including Plaintiff's safety and health.

34. Defendants disregarded hazardous conditions on the Premises, including conditions that immediately impact their tenants' physical health, such as the conditions that caused the fire. Although they understood the severity of hazardous conditions, they took little or no corrective action.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or continues to suffer illness, pain, discomfort, and other physical injuries, and mental and emotional distress in an amount to be proven at trial.

### *Fourth Claim for Relief: Negligence*

36. Plaintiff incorporates all other paragraphs as if fully set forth herein.

37. Plaintiff asserts her fourth claim for relief in the event that both Defendants are determined not to be landowners.

38. Defendants owed a duty of care to Plaintiff to maintain the Cedar Run Apartments in a safe and prudent manner. Defendants breached their duty of care to Plaintiff by failing to maintain the Premises, and securing the Premises, and thus they were negligent. Defendants' negligence resulted in the above-described injuries, damages, and losses to Plaintiff in an amount to be proven at trial.

### DAMAGES

39. Plaintiff incorporates all other paragraphs as if fully set forth herein.

40. Defendants' negligence and/or permitting of activities to be conducted or allowing a condition to be present at the Premises which they knew, or reasonably should have known, created an unreasonable risk of injury, damages, and loss, caused Plaintiff to incur past, present, and future noneconomic injuries, damage, and losses, including pain and suffering, inconvenience, emotional distress, permanent injury/disfigurement/disability, and/or impairment of his quality of life.

41. Defendants' negligence and/or permitting of activities to be conducted or allowing a condition to be present at the Premises which they knew, or reasonably should have known, created an unreasonable risk of injury, damage, or loss caused Plaintiff to incur past, present, and future economic losses including reasonable and necessary medical expenses including physician, therapy, prescription, and other expenses.

WHEREFORE, Plaintiff, Plaintiff respectfully requests judgment in his favor and against Defendants, in an amount to be proven at trial, including pre-and post-judgment interest, attorney fees, costs, and any such other and further relief the Court deems just and fair.

Respectfully submitted December 3, 2024

                                              Respectfully submitted,

                                              /s/ Mark Fenton
                                              **The Fenton Law Office, LLC**
                                              Mark Fenton, Esq. #48455
                                              3300 Arapahoe Ave., Ste. 211
                                              Boulder, CO 80303
                                              Telephone:  303-472-3912
                                              *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of December, 2024, a true and correct copy of the foregoing was filed via ICCES and served upon counsel who has entered an appearance.

                                              /s/ Mark Fenton
                                              Mark Fenton, Attorney

**Under C.R.C.P.  121, a true and correct copy of the preceding with original or scanned signatures is maintained at the offices of The Fenton Law Office, LLC. It will be made available for inspection or review upon request.**